WATER POWER CO. v. LAND AND INVESTMENT CO.

ACTION—REAL PROPERTY—COSTS—ESTOPPEL—CODE, 98.—If a second action is brought under section 98 of Code, without payment of costs of first action, and this second complaint be dismissed because the costs of the first action has not been paid, the same plaintiff cannot then bring another action for same purpose against same defendant, upon payment of costs of first action.   Code, sec. 98, *construed.*

Before WITHERSPOON, J., Columbia, November, 1895. Affirmed.

Action by the Columbia Water Power Company against the Columbia Land and Investment Company, for possession of two lots of land in Columbia.   Complaint dismissed. Plaintiff appeals.

*Mr. Leroy F. Youmans*, for appellant, cites: 45 N. Y., 116, 117; 56 Mo., 86; 5 How. Pr., 118; Code, 183; 2 Abbts. Pr., 403, 408; 55 E. C. L., 8 Adolphus & Ellis, N. S., 882; 7 Ellis & Blackburn, 812; 90 E. C. L., 10 B. & C., 202; 21 E. C. L., 60; 6 Ellis & Blackburn, 824; 88 E. C. L., 2 Abbts. Pr., 421; 36 Ill., 338; 21 Cal., 151, 164; 3 S. C., 422; 33 S. C., 447; 22 S. C., 46; 20 S. C., 498; 15 S. C., 147; 22 S. C., 313; 28 S. C., 551; 31 S. C., 415; Code, 374; 26 S. C., 419, 428; 4 S. C., 355; 7 S. C., 112, 113; 8 S. C., 403, 408; 5 S. C., 417; 12 Peters, 718; 10 S. C., 308; 12 S. C., 557; 24 S. C., 22; 21 S. C., 256; 29 S. C., 33; 3 Russell, 415; 51 Barb., 493, 515; 7 N. Y., 431; 23 Barb., 598; 48 Barb., 393; 25 S. C., 386; 27 S. C., 437; 7 S. C., 264; 21 N. Y., 399; 1 McKinney Ency. Pl. & Pr., 3, 22; Deady, 409; 48 Mo., 276; 112 Ind., 484; 1 Brevard, 474; 111 U. S., 387; 16

Wall., 433; 19 How., 556; 6 Wall, 289; 5 S. C., 511; Id., 417; 6 Wall, 250; 70 Fed. Rep., 719; 41 Id., 112; 39 Id., 41; 70 Id., 719; 36 S. C., 590; 28 Wall, 352; 5 Conn., 550; 6 Wheat., 109; 3 East., 346; 7 Wall., 82, 94; 20 Wall, 137; 7 Watts & Sar., 138; 112 U. S., 535; 12 Ind., 629; 1 Watts, 344; 102 Ill., 118.

*Mr. W. H. Lyles*, contra, cites: Code, 98; 1 Wait's Actions & Def., 10; Code, 120, 148, 94.

July 14, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was commenced on the 6th day of July, 1895, in the Court of Common Pleas for Richland County, in this State, by the service of a summons and complaint. The answer was served on the 23d day of July, 1895. The action came on for trial at the November term, 1895, of the Court of Common Pleas as aforesaid, before Judge Witherspoon, under the following circumstances (and this word "circumstances" will include here the pleadings, proofs, and admissions, and stipulations of counsel for both sides to this controversy): On the 5th day of September, 1892, the plaintiff above above named commenced its action against the defendant above named for the recovery of two lots of land within the limits of the city of Columbia, in this State, and after issue joined in said action, on the 12th day of July, 1893, the plaintiff took from the Court of Common Pleas for Richland County, in said State, an order discontinuing said action. Thereafter, to wit: on the 15th day of August, 1893, the same plaintiff commenced its action, by summons and complaint duly served, against the same defendant to recover the same lot of land; to this action the defendant duly appeared and made answer, in which, in different ways, the defendant denied that the lots of land sued for were the property of the plaintiff, but claimed as its own, both by possession and title, the said lots of land; and also set up in said answer that plaintiff was not entitled to maintain said action, because said plaintiff had not complied with the requirements of the law of this State govern-

ing a second action for the recovery of land.    Upon all the
issues the parties went to trial, and the plaintiff prevailed.
Thereupon the defendant appealed from such judgment in
favor of the plaintiff to the Supreme Court.    By the judg-
ment of the Supreme Court upon said appeal, the judgment
of the Circuit Court in favor of the plaintiff was reversed,
and the complaint was dismissed, and the petition of the
plaintiff to the Supreme Court for a new hearing was dis-
missed.    Thereupon, on the 6th day of July, 1895, the above
named plaintiff began its new action by summons and
complaint against the above named defendant, for a recovery
of the same lots of land.    The seventh defense of the answer
of the defendant to this last action is as follows: "For a sev-
enth defense: This defendant alleges that heretofore, to wit:
on the 5th day of September, 1892, the plaintiff above named
duly commenced an action against the defendant above
named for the recovery of the possession of the real property
described in the complaint, and on the 12th day of July,
1893, plaintiff took from the Circuit Court of Common Pleas
for said county and State an order discontinuing said action;
and that thereafter, to wit: on the 15th day of August, 1893,
the plaintiff above named duly commenced its second action
against the defendant above named for the recovery of the
possession of the same real property described in the com-
plaint, which action was terminated adversely to the plain-
tiff by a judgment of the Circuit Court, in pursuance of a
decree of the Supreme Court of the State of South Carolina,
dismissing the plaintiff's complaint."    The following agree-
ment was then entered into by and between the attorneys of
record of the plaintiff and defendant, to wit: "It is agreed by
and between counsel for the plaintiff and for the defendant
in the above entitled cause, that the said cause is to come up
for trial at the present term of the Court, before his Honor,
the Circuit Judge, without a jury, upon the seventh and
eighth defenses pleaded in defendant's answer, for the pur-
pose of the consideration of these defenses, and for this
purpose only.    In this trial as to these defenses, plaintiff

is to be regarded as having proved *prima facie* title to the land in dispute, and payment by it, before commencing this action, of all costs of the prior litigation; and defendant is restricted, in its attempt to overthrow the plaintiff's case, so assumed as proved, to the grounds stated in the seventh and eighth defenses. The defendant is to be allowed to introduce in evidence the records referred to in two said defenses, the printed copy of the decree of the Supreme Court, as found in 42 S. C., and the record and order of said Court upon the petition filed for a rehearing, also there found, to be considered as a part of said records. Plaintiff to be limited, in its reply to defendant's testimony, to such portions of said records as defendant may not have introduced. It is further stipulated and agreed, that if the presiding Judge shall sustain the said defenses, or either of them, he shall enter an order dismissing the complaint; but it is agreed that plaintiff shall reserve its right of appeal from said order. And in case he shall overrule both defenses, or in case of a successful appeal from his order sustaining either of said defenses, the said cause shall stand for trial at the next or some subsequent term of this Court, on the first defenses of the answer, which are unaffected by this agreement, the defendant reserving its right of appeal from such portion of the order as may not have been previously passed upon on appeal until the final determination of the cause on circuit."

At the hearing, which came on before his Honor, Judge Witherspoon, at the fall, 1895, term of the Court of Common Pleas for Richland County, in said State, the foregoing agreement of counsel was read. Thereupon the following admissions and introduction of records were made: Mr. Lyles, attorney for defendant: It is admitted that the land described in the complaint in the present action is the same land that was described in the complaints in the records now to be introduced; you agree to that? Mr. Youmans, attorney for plaintiff: Yes. Mr. Lyles: And that the parties are the same, and the subject-matter the same, except

so far as the records may show a difference? The defend-
ant introduces Judgment Roll No. 7,158 of the clerk of the
Court of Common Pleas for Richland County, and calls
attention to the following papers: Summons and complaint,
answer, judgment for the plaintiff of the land in dispute.
The date of the filing of summons and complaint is 15th
August, 1893. Also, from the same record, an original
summons and complaint, filed 23d September, 1892, and
answer, filed 24th September, 1892, and an order of the
Court discontinuing the action, passed on the 11th July,
1893. The complaint was served on the 5th September,
1892. We then introduce record 7,393, from the office of
the clerk of the Court of Common Pleas for Richland County,
consisting of the judgment of the Supreme Court, and order
of the Circuit Court making the judgment of the Supreme
Court the judgment of the Circuit Court, and a formal judg-
ment entered up by the defendant against the plaintiff for
the costs of the action. We offer, also, the opinion of the
Supreme Court in one of the cases entitled here, as found
in 42 S. C.; and, also, the order of the Supreme Court upon
a petition filed for a rehearing; and, also, a copy of the
petition for rehearing. Defendant now closes. Mr. You-
mans, attorney for plaintiff: We introduce, in reply, only
such parts as have been left out. The Court: I understand
the whole record is in. Mr. Youmans: Yes, sir. The
plaintiff now closes. After argument, Judge Witherspoon
passed the following order and judgment: Under a written
agreement between counsel, this cause was submitted to
me, to consider the seventh and eighth defenses pleaded in
defendant's answer. After a full consideration of the evi-
dence submitted under said agreement and the argument of
counsel, I conclude that the matters set up in the seventh
defense constitute a good and valid defense to plaintiff's
action, and that the plaintiff's complaint should, therefore,
be dismissed. I further conclude, that the plaintiff is not
estopped by the plea of *res adjudicata*, set up in the eighth
defense. It is, therefore, ordered and adjudged, that the

plaintiff's complaint herein be dismissed.　November 9th, 1895.

From this judgment the plaintiff now appeals, upon five grounds:

1. That the allegation in said seventh defense, to wit: that on August 15, 1893, the plaintiff duly commenced its second action against the defendant for the recovery of the possession of the same real property described in the complaint, was disproved by the decree of the Supreme Court introduced in evidence by the defendant.

2. That this decree of the Supreme Court adjudged that what said seventh defense erroneously styles a second action duly commenced, was without authority, could not · be brought, and was not the second action contemplated by section 98 of the Code, for the reason that a statutory condition precedent, essential to the bringing of a second action, to wit: the payment of the costs of the first action, had not been complied with by plaintiff.

3. That the Supreme Court having so adjudged, and said statutory condition having been complied with prior to the bringing of this action, his Honor should, as a matter of law, have overruled said seventh defense.

4. That what said seventh defense erroneously styles a second action duly commenced, was not terminated, as erroneously alleged in said seventh defense, by a judgment of the Circuit Court in pursuance of the decree of the Supreme Court, but had already been dismissed by said decree as a matter which the Court of Common Pleas had not jurisdiction to entertain.

5. That the records introduced by the defendant showing that plaintiff had not had the second action to which he is limited by section 98 of the Code, the present action is that second action, and his Honor erred, as a matter of law, in holding to the contrary, and on such holding dismissing the complaint.

Before we enter upon a consideration of this appeal, we deem it proper to state that we have intentionally omitted

any reference to the eighth defense of the answer; it in no wise affects or is affected by this appeal. The only matter before us is that of the *seventh defense.*

The second subdivision of section 98 of the Code of Procedure is thus stated:

2. The plaintiff in all actions for the recovery of real property, on the recovery of the possession thereof, is hereby limited to two actions for the same, and no more: *Provided*, That the costs of the first action be first paid and the second action be brought within two years from the rendition of the verdict or judgment in the first action, or from the granting of a nonsuit or discontinuance therein.

It was with reference to this very portion of our Code that Mr. Chief Justice McIver, as the organ of the Court, in *42 S. C., beginning at page 495*, declares: "So that, before a second action can be brought for the recovery of real property, two conditions must be complied with: First, the costs of the previous action must 'be first paid;' and, second, the second action must be brought within two years from the termination of the first action, either by the 'rendition of the verdict or judgment in the first action,' or, 'the granting of a nonsuit or discontinuance therein.'" The judgment of this Court in that case, which will be found at page *500, of the 42 S. C.*, was in these words: "The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the complaint be dismissed." An examination of the case, whose judgment has just been cited, discloses, from its very terms, that it was confined to the question as to whether the payment of costs set out in section 98, *supra*, of the Code was, when demanded by the defendant in his answer, a condition precedent to the plaintiff's right to maintain a second action. The question which the appellant now presses upon this Court is this: Was the action which was dismissed by this Court, in its judgment in 42 S. C., 500, the *second action* referred to in section 98 of our Code? It seems to us this question may be settled by the terms and provisions of our

Code of Procedure.   Sec. 1 of our Code provides: "Remedies
in the courts of justice are divided into: 1. Actions.   2.
Special Proceedings.   Sec. 2 of our Code defines an action
as follows: "An action is an ordinary proceeding in a court
of justice by which a party prosecutes another party for
the enforcement or protection of right, the redress or pre-
vention of a wrong, or the punishment of a public offense."
It admits of no doubt, in the light of this clear yet simple
definition of an action by our Code, when applied to the
admissions of counsel incorporated in the "Case," that the
form of proceeding adopted by the plaintiff was that of an
action.   But, go a step further.   Under the light of our
Code, how is an action commenced in our courts of justice?
Sec. 120 of the Code provides: "An action is commenced as
to each defendant when the summons is served upon him
* *."   Sec. 148 of the Code of Procedure provides: "Civil
actions in the courts of record of this State shall be com-
menced by the service of a summons."   Sec. 149 of the
Code sets out carefully the parts of a summons.   When
we turn to the "Case," we find that the plaintiff, appellant,
on the 15th day of August, 1893, filed his summons and
complaint in the second action, and the defendant duly
answered the same.   So that, under the plain provisions of
the Code, the second proceeding of plaintiff was *an action*.
But the appellant insists that, though technically this was
an action, yet as (this) the Supreme Court of the State has
held that the plaintiff was not entitled to maintain such
action, it should not be construed as a *second action* allowed
a plaintiff who seeks to recover real property under the
second subdivision of section 98.   An inspection of the
record in 42 S. C., 489 to 500, inclusive, will make it evi-
dent that the proceeding is there repeatedly referred to as
an action.   Again, in case after case we have held that, in
construing a statutory provision or other writing, it is
proper always to construe it with reference to the provi-
sions of law bearing on the subject matter treated of in the
statute or other writing.   Under this view we must sup-

pose that the General Assembly, when in the year 1879 it
adopted the provisions of law relating to the second action
for the possession of real property, now set out in section
98 of the Code, used the word "action," as it was defined
in the Code, which had been adopted in the year 1870.
All that the judgment of this Court, as set out in 42 S. C.,
*supra*, attempted, or did, was to hold that the defense
relied upon by the defendant, that plaintiff was not entitled
to maintain his action because he had failed to pay the
costs which was required to be done by the section 98,
*supra*, was valid.   Suppose the defendant had failed to rely
upon the particular defense referred to, and it had happened that the defendant had no other valid defense, would
not the plaintiff have been entitled to its judgment?   Certainly it would, and this would have been a second action
for the recovery of the possession of real property.   Is
there to be a different rule for the plaintiff as against a
defendant?   Thus it is manifest that the first and second
exceptions are not tenable.

So far as the third exception is concerned, it may be disposed of by saying that there is no provision in the statute
for bringing a third action upon the payment of the costs
of the first action.   In other words, we mean to say that, in
our judgment, the action commenced on the 15th August,
1893, was the second action, and that commenced on the
6th July, 1895, is really a third action, and that no such
third action has any warrant in law for its being instituted.

So far as the fourth exception is concerned, it seems to
us immaterial that the Circuit Court formally adopted the
judgment of this Court as its judgment.   It need not have
formulated any expression concerning our judgment; it was
controlling.   The fifth exception is overruled by reason of
what we have already held.

It is the judgment of this Court, that the judgment of
the Circuit Court be affirmed.